UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES SCALES,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA BUREAU OF AUTOMOTIVE REPAIR,<br><br>Defendant. | No. 2:18-cv-03062-MCE-CKD PS<br><br><u>ORDER AND FINDINGS AND RECOMMENDATIONS</u> |

Presently pending before the court is defendant's motions to dismiss and motion to strike.[1] (ECF No. 4.) After plaintiff failed to provide a sufficient and timely opposition, the court submitted this matter on the briefing, and afforded plaintiff another opportunity to oppose the motion. Plaintiff filed an amended opposition and defendant replied. (ECF No. 15, 16.) Upon review of the parties' briefing, the record, and the appropriate legal standards, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

I. <u>BACKGROUND</u>

Plaintiff, who proceeds pro se, filed this action on November 27, 2018 and paid the filing fee. (ECF No. 1.) The complaint names the California Bureau of Automotive Repair ("Bureau")

---

[1] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

and "Does 1 through 10" as defendants. (ECF No. 1 at 1.) The complaint brings claims against the Bureau pursuant to 42 U.S.C. § 1983, Title VII of the Civil Rights Act of 1964, and California state law, based upon allegations that the Bureau's employees, Patrick Lufti and Tom Bowden, discriminated against plaintiff due to his race and age, by failing to properly and timely process his consumer complaint against Pep Boys. (See generally ECF No. 1.)

The Bureau moves to dismiss the complaint for several persuasive reasons: (1) that the Bureau is immune from suit under the Eleventh Amendment; (2) that plaintiff failed to properly serve defendant; (3) that the Bureau is not a "person" for purposes of 1983 liability; (4) that plaintiff failed to state a claim under Title VII of the Civil Rights Act; and (5) that plaintiff failed to comply with the California Government Act claims presentation requirement.[2] (See generally ECF No. 4.)

II.     LEGAL STANDARDS

    A.     Subject Matter Jurisdiction – Rule 12(b)(1)

Federal courts are courts of limited jurisdiction. A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges the court's subject matter jurisdiction to hear the complaint. A federal court has an independent duty to assess whether federal subject matter jurisdiction exists, whether or not the parties raise the issue. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not"); accord Rains v. Criterion Sys., Inc., 80 F.3d 339, 342 (9th Cir. 1996). The court must sua sponte dismiss the case if, at any time, it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). A federal district court generally has original jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a).

////

---

[2] Defendant raises these issues in a different order.

2

B. <u>Insufficient Service of Process – Rule 12(b)(5)</u>

Federal Rule of Civil Procedure 12(b)(5) allows a defendant to move to dismiss an action based on insufficient service of process. If service is insufficient, as defined by Federal Rule of Civil Procedure 4, "the district court has discretion to dismiss an action or to quash service." <u>S.J. v. Issaquah Sch. Dist. No. 411</u>, 470 F.3d 1288, 1293 (9th Cir. 2006). "Once service is challenged, plaintiffs bear the burden of establishing that service was valid under Rule 4." <u>Brockmeyer v. May</u>, 383 F.3d 798, 801 (9th Cir. 2004). Rule 4 is a flexible rule that should be liberally construed to uphold service so long as a party receives sufficient notice of the complaint. <u>Chan v. Soc'y Expeditions, Inc.</u>, 39 F.3d 1398, 1404 (9th Cir. 1994). Yet, "[n]either actual notice, nor simply naming the person in the caption of the complaint, will subject defendants to personal jurisdiction if service was not made in substantial compliance with Rule 4." <u>Jackson v. Hayakawa</u>, 682 F.2d 1344, 1347 (9th Cir. 1982) (internal citations omitted).

C. <u>Failure to State a Claim – Rule 12(b)(6)</u>

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the pleadings set forth in the complaint. <u>Vega v. JPMorgan Chase Bank, N.A.</u>, 654 F. Supp. 2d 1104, 1109 (E.D. Cal. 2009). Under the "notice pleading" standard of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a "short and plain statement" of plaintiff's claims showing entitlement to relief. Fed. R. Civ. P. 8(a)(2); <u>see also</u> <u>Paulsen v. CNF, Inc.</u>, 559 F.3d 1061, 1071 (9th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citing <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u>

In considering a motion to dismiss for failure to state a claim, the court accepts all of the facts alleged in the complaint as true and construes them in the light most favorable to the plaintiff. <u>Corrie v. Caterpillar, Inc.</u>, 503 F.3d 974, 977 (9th Cir. 2007). The court is "not, however, required to accept as true conclusory allegations that are contradicted by documents

3

referred to in the complaint, and [the court does] not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Paulsen, 559 F.3d at 1071. The court must construe a pro se pleading liberally to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them if it appears at all possible that the plaintiff can correct the defect. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); accord Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990) (stating that "pro se pleadings are liberally construed, particularly where civil rights claims are involved"); see also Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (stating that courts continue to construe pro se filings liberally even when evaluating them under the standard announced in Iqbal).

III.     DISCUSSION

    A.     Lack of Jurisdiction – Rule 12(b)(1)

The Bureau correctly asserts that it is immune from suit in this matter. (ECF No. 4 at 7-8.) "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." Aholelei v. Dep't of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007). "A state may waive immunity from suit in its own courts without thereby waiving its Eleventh Amendment immunity from suit in federal courts." Riggle v. State of Cal., 577 F.2d 579, 585 (9th Cir. 1978). While California waived immunity in its own courts (under certain circumstances), it did not waive immunity in federal courts. Id.

Here, plaintiff brings claims against a state agency, the California Bureau or Automotive Repair, see Cal. Bus. & Prof. Code §§ 9880.1 & 9880.3, seeking $800,000.00 in damages. (ECF No. 1 at 9.) As a state agency, the Bureau is immune from suit for money damages in federal court, and all claims against the Bureau are subject to dismissal.

    B.     Insufficient Service of Process – Rule 12(b)(5)

The Bureau also argues that plaintiff failed to properly effectuate service on the Bureau. (See ECF No. 4 at 5-6.) Because the Bureau is immune from suit, this issue is moot. At the same time, **plaintiff is cautioned to carefully comply with the instructions set forth in Federal Rule of Civil Procedure 4, when serving any amended complaint in this matter**.

4

C. <u>Failure to State a Claim – Rule 12(b)(6)</u>

The Bureau persuasively argues that the complaint fails to state any claim and is subject to dismissal. (ECF No. 4 at 8-10.) Yet, contrary to the Bureau's position, limited leave to amend is appropriate.

1. *42 U.S.C. § 1983*

While not named as defendants, the complaint includes allegations against Patrick Lufti and Tom Bowden, the individuals who processed the underlying consumer complaint that plaintiff filed with the Bureau. "Plaintiff argues that his causes of action alleging violations of 42 U.S.C. section 1983 are proper against [the Bureau] due to its employees['] . . . conduct in discriminating against Plaintiff because of his age and race." (ECF No. 15 at 2.)

However, there is no supervisory liability under section 1983. See <u>Monell v. New York City Dep't of Social Services</u>, 436 U.S. 658, 691-94 (1978). As such, the Bureau is not responsible for the conduct of its employees under section 1983. Moreover, in accord with the discussion above, section 1983 "does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity." <u>Will v. Michigan Dep't of State Police</u>, 491 U.S. 58, 66 (1989).

Nevertheless, in light of plaintiff's pro se status, and because it is at least conceivable that plaintiff could potentially state a claim under 42 U.S.C. § 1983 against Patrick Lufti and Tom Bowden, the court finds it appropriate to grant plaintiff an opportunity to amend the complaint to add these individuals as named defendants.[3]

2. *Title VII, 42 U.S.C. § 2000e et seq.*

In the second cause of action, plaintiff seeks to bring a claim under Title VII of the 1964 Civil Rights Act. (ECF No. 1 at 6-7.) As the Bureau aptly points out, Title VII "prohibits *employment* discrimination on the basis of race, color, religion, sex, or national origin." <u>Ricci v.</u>

---

[3] The Bureau also moves to strike paragraph three of the complaint because plaintiff listed "doe" defendants. (ECF No. 4 at 10.) Liberally construed, it seems apparent that plaintiff intended to name Patrick Lufti and Tom Bowden as defendants. Thus, leave to amend is recommended and the motion to strike is denied as moot.

5

DeStefano, 557 U.S. 557, 577 (2009) (emphasis added); (ECF No. 4 at 8). At a minimum, "there must be some connection with an employment relationship for Title VII protections to apply." Lutcher v. Musicians Union Local 47, 633 F.2d 880, 883 (9th Cir. 1980).

Plaintiff concedes that he "never alleged that [he] was an employee [of the Bureau]." (ECF No. 15 at 3.) Rather, plaintiff interacted with the Bureau by filing a consumer complaint (ECF No. 1 at 2-5), an activity which has no connection to an employment relationship. Therefore, plaintiff's Title VII claim is subject to dismissal.

3. *Supplemental State Law Claim*

In the third cause of action, plaintiff seeks money damages from the Bureau under California state law. (ECF No. 1 at 7-8.) The Bureau correctly asserts that this claim necessarily fails. (ECF No. 4 at 9-10.) As a court in the Eastern District of California has observed:

> The California Tort Claims Act requires that "all claims for money or damages against local public entities" or public employees acting within the scope of that employee's public employment must be presented to the employer. Cal. Gov.Code §§ 905, 950.2. "[N]o suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented . . . until a written claim therefor has been presented to the public entity and has been acted upon . . . or has been deemed to have been rejected." Cal. Gov.Code § 945.4; see Maynard v. City of San Jose, 37 F.3d 1396, 1406 (9th Cir.1994) (stating that Tort Claims Act requirements apply to public employees as well); Wilson–Combs v. Cal. Dep't of Consumer Affairs, 555 F.Supp.2d 1110, 1118 (E.D.Cal.2008) (same); Julian v. City of San Diego, 183 Cal.App.3d 169, 175, 229 Cal.Rptr. 664 (1986) (same).
>
> Presentation of a timely tort claim is a jurisdictional prerequisite to maintaining a cause of action against a public entity. Ard v. County of Contra Costa, 93 Cal.App.4th 339, 343, 112 Cal.Rptr.2d 886 (2001); see also Hernandez v. McClanahan, 996 F.Supp. 975, 977 (N.D.Cal.1998). A plaintiff's supplemental state law claims [in an action in federal court] against a California public agency are barred unless the plaintiff has complied with the requirements of the Tort Claims Act before commencing a civil action. See Mangold v. Cal. Pub. Util. Comm'n, 67 F.3d 1470, 1477 (9th Cir.1995).

Creighton v. City of Livingston, 628 F. Supp. 2d 1199, 1224–25 (E.D. Cal. 2009).

According to the California Tort Claims Act, "[a] claim relating to a cause of action for death or for injury to person or to personal property or growing crops shall be presented . . . not later than six months after the accrual of the cause of action. A claim relating to any other cause

6

of action shall be presented . . . not later than one year after the accrual of the cause of action." Cal. Gov't Code § 911.2(a).

Regardless of how plaintiff's claim is characterized under this statute, he failed to present it within the required timeframe. Plaintiff alleges that he was informed in September of 2015 that his consumer complaint with the Bureau was closed. (ECF No. 1 at 4.) However, plaintiff alleges that he did not present his claim to the State of California until April 2, 2018. (See ECF No. 1 at 8, 39-41.) Plaintiff presented his claim over two and one half years after the accrual of the cause of action—well beyond the statutory deadline. As a result, plaintiff's supplemental state law claim is time-barred and subject to dismissal.

D. Leave to Amend

As explained, the court recommends that plaintiff be granted leave to amend his section 1983 claim to add Patrick Lufti and Tom Bowden as defendants. When filing the amended complaint it shall be captioned "First Amended Complaint," shall be typed or written in legible handwriting, shall address the deficiencies outlined above, and shall be filed within 28 days of the district judge's order adopting these findings and recommendations.

Plaintiff is informed that the court cannot refer to a prior complaint or other filing in order to make plaintiff's first amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint, and once the first amended complaint is filed, the original complaint no longer serves any function in the case.

Plaintiff is further advised that "[p]ro se litigants must follow the same rules of procedure that govern other litigants." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (overruled on other grounds). **This includes Federal Rule of Civil Procedure 4, which governs service of process.**

Similarly, Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Moreover, Eastern District Local Rule 183(a) provides, in part:

7

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules.

E.D. Cal. L.R. 183(a).

IV. CONCLUSION

Accordingly, for the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Defendant's motion to dismiss and motion to strike (ECF No 4) be GRANTED IN PART AND DENIED IN PART.
2. All claims against the California Bureau of Automotive Repair be DISMISSED WITHOUT LEAVE TO AMEND.
3. Plaintiff's claims pursuant to Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq. and California state law be DISMISSED WITHOUT LEAVE TO AMEND.
4. Plaintiff be granted leave to amend his claim pursuant to 42 U.S.C. § 1983 to add defendants Patrick Lufti and Tom Bowden.
5. Plaintiff be ordered to file and serve a first amended complaint, in accordance with these findings and recommendations, within 28 days.

In light of these recommendations, IT IS ALSO HEREBY ORDERED that all pleading, discovery, and motion practice in this action are STAYED pending resolution of the findings and recommendations. With the exception of objections to the findings and recommendations and any non-frivolous motions for emergency relief, the court will not entertain or respond to any motions and other filings until the findings and recommendations are resolved.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections.

The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: August 19, 2019

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

14.scales.3062.order MTD